# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| RAVIN CROSSBOWS, LLC, | CASE NO. 5:23-cv-598 |
| PLAINTIFF, | JUDGE SARA LIOI |
| v. | |
| | **MEMORANDUM OPINION** |
| | **AND ORDER** |
| HUNTER'S MANUFACTURING COMPANY, INC. D/B/A TENPOINT CROSSBOW TECHNOLOGIES, | |
| DEFENDANT. | |

Plaintiff Ravin Crossbows, LLC ("Ravin") initiated this case on December 17, 2021, in the United States District Court for the District of Nevada, alleging patent infringement by defendant Hunter's Manufacturing Company, Inc. d/b/a TenPoint Crossbow Technologies ("Hunter's"). (Doc. No. 1.) In total, Ravin alleged 103 claims over six patents. (*Id.*) On March 21, 2023, the case was transferred to this Court. (Doc. No. 76.)

On April 11, 2023, the parties filed their case management notice, representing that "the action [was] ripe for an in-person [c]ase [m]anagement [c]onference at the Court's convenience[,]" and that "the [p]arties do not believe there are any other [c]ase [m]anagement issues that would impact their ability to conform to the Local Patent Rules." (Doc. No. 83.) The Court set a case management conference date of May 25, 2023. (*See* Doc. No. 84.)

Then, on May 5, 2023, Hunter's filed its now-pending motion to stay the case during any *inter partes* review ("IPR") of one at-issue claim by the U.S. Patent and Trademark Office's

1

("USPTO") Patent Trial and Appeal Board's ("Board"). (Doc. No. 86.[1]) Ravin opposed the motion to stay (Doc. No. 88), and Hunter's filed a reply. (Doc. No. 90.) Ravin then filed a motion for leave to file a sur-reply in response to Hunter's motion to stay (Doc. No. 92), to which Hunter's filed an opposition. (Doc. No. 93.) Ravin then filed a motion to supplement its opposition to Hutner's motion to stay (Doc. No. 94), to which Hunter's filed an opposition (Doc. No. 95) and Ravin filed a reply. (Doc. No. 96).

On July 12, 2023, Hunter's notified this Court that the Board had instituted an IPR, limited to claim 1 of Ravin's U.S. Patent No. 9,354,015 ("the '015 Patent"). (Doc. No. 97; *see also* Doc. No. 97-1, at 41.[2]) Ravin filed a response to that notice (Doc. No. 98) and Hunter's filed a reply to Ravin's response. (Doc. No. 99.)

District courts "have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination." *Ethicon, Inc. v. Quigg,* 849 F.2d 1422, 1426–27 (Fed. Cir. 1988) (internal citation omitted). "[A] motion to stay an action pending the resolution of a related matter in the PTO is directed to the sound discretion of the district court." *In re SDI Technologies, Inc.*, 456 F. App'x 909, 911 (Fed. Cir. Jan. 2012). The trial court's discretion whether to grant a stay is "broad" *Donnelly Corp. v. Guardian Industries Corp.*, No. 05-74444, 2007 WL 3104794, at *3 (E.D. Mich. Oct. 22, 2007) (quoting *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999)), but "a court must tread carefully in granting a stay of proceedings, since a party has a right to a determination of its rights and liabilities without

---

[1] Hunter's also moved to postpone the May 25, 2023 case management conference. (Doc. No. 86.) To give the Court sufficient time to consider the motion to stay, the Court continued the case management conference until further order of the Court. (*See* 5/18/2023 Non-Document Order.)

[2] All page number references herein are to the consecutive page numbers applied to each individual document by the electronic filing system.

undue delay." *Ohio Envt'l Council v. U.S. Dist. Ct.*, 565 F.2d 393, 396 (6th Cir. 1977).

In deciding whether to grant a stay of litigation pending reexamination of patents-in-suit by the Board, "courts commonly consider three factors: '(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving part[y]; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set.'" *PDS Elecs., Inc. v. Hi–Z Antennas,* No. 5:10-cv-2806, 2011 WL 1097745, at *1 (N.D. Ohio Mar. 22, 2011) (quoting *Xerox Corp. v. 3Com Corp.,* 69 F. Supp. 2d 404, 406 (W.D.N.Y. 1999)). The movant bears the burden of showing a need for the stay and that "neither the other party nor the public will suffer harm from entry of the order." *Ohio Envt'l Council*, 565 F.2d at 396.

Here, this case has been pending for over seventeen months already. Additionally, in April, the parties jointly represented to this Court that the action was "ripe for an in-person [c]ase [m]anagement [c]onference at the Court's convenience[,]" and that "the [p]arties do not believe there are any other [c]ase [m]anagement issues that would impact their ability to conform to the Local Patent Rules." (Doc. No. 83, at 1–2.) This Court has continued the case management conference for over two months while it considered the motion to stay and the parties' excessive briefing on the same. While there is much litigation ahead, discovery is well underway with documents exchanged and multiple witnesses deposed. (*See* Doc. No. 86, at 7; *see also* Doc. No. 88, at 15–16.) Further, the parties had served contentions and briefed claim construction in the transferor court (Doc. Nos. 47, 50, 56, 57), and the parties represented that they were ready to set further dates and deadlines in this Court. (*See* Doc. No. 83.) A stay of this litigation would only subvert the many months of progress the parties have made towards the end of this litigation and, thus, this factor weighs against a stay.

Second, a plaintiff is entitled to timely resolution of its claims and any further delay would likely prejudice Ravin. "Courts have recognized [as a general proposition] that where the parties are direct competitors, a stay would likely prejudice the [patentee]." *See A.R. Arena Prods., Inc. v. Grayling Indus., Inc.*, 5:11-cv-1911, 2012 WL 2953190, at *5 (N.D. Ohio June 25, 2012) (quoting *Tesco Corp. v. Weatherford Int'l, Inc.*, 599 F. Supp. 2d 848, 851 (S.D. Tex. 2009)), *report and recommendation adopted by* 2012 WL 12892200 (N.D. Ohio Oct. 10, 2012). This is because the patentee "could lose market share—potentially permanently—during the stay," while the alleged infringer continues to sell the competing product, and this loss of market share is an irreparable injury not easily compensable by money damages. *See e.g.*, *Sunbeam Prods., Inc. v. Hamilton Beach Brands, Inc.*, No. 3:09-cv-791, 2010 WL 1946262, at *4 (E.D. Va. May 10, 2010). Here, both parties acknowledged that they are direct competitors. (Doc. No. 86, at 8; Doc. No. 88, at 6.) Thus, while not dispositive alone, this factor also weighs against a stay. *See Sunbeam Prods., Inc.*, 2010 WL 1946262, at *4.

Third, the IPR is limited to one of 103 claims at issue in this case. Hunter's contends that an IPR decision in its favor would "resolve the overwhelming majority of the asserted claims" because "[e]ach patent-in-suit includes at least one asserted independent claim that" recites the technology of claim one. (Doc. No. 86, at 9.) But Ravin disagrees. (*See* Doc. No. 88, at 13–14.) There is no reason to believe, then, that the IPR review will simplify the issues in this highly contested case or otherwise reduce the burden of litigation for both parties and the Court. Rather, at most, an IPR decision in Hunter's favor would eliminate a single claim, leaving the parties to litigate the remaining 102 claims, and what effect, if any, the eliminated claim has on those remaining. Accordingly, this factor also weighs against a stay of this litigation.

After considering the relevant case law and the parties' extensive briefing on this issue, the Court hereby DENIES Hunter's motion to stay this case.

**IT IS SO ORDERED**.

Dated: July 28, 2023

                                                **HONORABLE SARA LIOI**
                                                **UNITED STATES DISTRICT COURT**
                                                **CHIEF JUDGE**